UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

IRVIN A. RACKARD, JR.,

                                                          DECISION AND ORDER

                Plaintiff,

                                                          19-CV-6357L

            v.

ANDREW SAUL,
Commissioner of Social Security,

                Defendant.
_____

        Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). This action is brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

        On February 6, 2015, plaintiff, then thirty-seven years old, filed applications for a period of disability and disability insurance benefits, and for supplemental security income, alleging disability beginning September 3, 2013. (Administrative Transcript, Dkt. #8 at 10). His applications were initially denied. Plaintiff requested a hearing, which was held April 4, 2017 before Administrative Law Judge ("ALJ") Michael W. Devlin. The ALJ issued an unfavorable decision on October 3, 2017. (Dkt. #8 at 10-21).That decision became the final decision of the Commissioner when the Appeals Council denied review on March 18, 2019. (Dkt. #8 at 1-3). Plaintiff now appeals.

        The plaintiff has moved for remand of the matter for further proceedings (Dkt. #12), and the Commissioner has cross moved (Dkt. #14) for judgment on the pleadings, pursuant to Fed. R.

Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision summarizes plaintiff's medical records throughout the relevant period, which included treatment for Type I diabetes, diabetic neuropathy (nerve damage causing numbness, pain and/or weakness), vision difficulties, gastroparesis (loss of motility in the muscles of the digestive tract), major depressive disorder, and generalized anxiety disorder, all of which the ALJ determined constituted a severe impairment not equaling a listed impairment. (Dkt. #8 at 12). Applying the special technique for mental impairments, the ALJ found that plaintiff has mild limitations in understanding, remembering, and applying information; moderate limitations in interacting with others; mild limitations in concentration, persistence and pace; and moderate limitations in adapting and managing himself. (Dkt. #8 at 13-14).

Upon review of the record, the ALJ found that plaintiff has the residual functional capacity ("RFC") to perform sedentary work, with the following limitations: can occasionally lift and/or carry 10 pounds, and frequently lift and/or carry less than 10 pounds. Plaintiff can stand or walk up to 2 hours in an 8-hour workday, and sit for up to 6 hours, but must be allowed to stand for one or two minutes after sitting for 30 minutes, and be allowed to sit for one or two minutes after

standing for 15 minutes. Plaintiff can no more than occasionally push and/or pull 10 pounds, climb ramps or stairs, balance, stoop, kneel, crouch, or crawl. Plaintiff can frequently finger, perform tasks requiring near or far visual acuity, understand, remember and carry out simple instructions and tasks, frequently interact with coworkers and supervisors, occasionally interact with the general public, and must work in a low stress work environment (i.e., no supervisory duties, no independent decision-making required, no strict production quotas, minimal changes in work routine and processes, etc.). He can consistently maintain concentration and focus for up to two hours at a time. (Dkt. #8 at 13-15).

Plaintiff's past relevant work as a warehouse worker, injection molding machine tender, and daycare worker, was performed at the light exertional level: thus, plaintiff's RFC would not permit a return to any of those jobs. At the hearing, the ALJ asked vocational expert Peter A. Manzi whether there were other positions in the economy that a hypothetical individual with this RFC could perform. Mr. Manzi testified that such an individual could perform the representative sedentary positions of table worker and addresser. (Dkt. #8 at 20).

I.   **The Medical Opinions of Record**

   A.   **Dr. Brownfield and Dr. Harding**

Plaintiff first argues that the ALJ erred in assessing and incorporating two of the medical opinions of record into his RFC finding: that of consulting psychologist Dr. Adam Brownfield, and non-examining reviewer, Dr. T. Harding.

The ALJ gave Dr. Brownfield's opinion, which indicated that plaintiff has a moderate limitation in interacting with others, "some" weight, stating without elaboration that it was "partially consistent with the evidence of record." (Dkt. #8 at 18, 419-22). The ALJ likewise gave

3

Dr. Harding's opinion assessing "moderate" difficulties in social interaction "some" weight, noting that plaintiff contributed to conversations in group therapy settings. (Dkt. #8 at 18, 84-88).

Plaintiff argues that the ALJ did not sufficiently explain his decision to discount Dr. Brownfield's and Dr. Harding's opinions with respect to plaintiff's "moderate" difficulties in social interaction, and that his RFC finding did not sufficiently account for such limitations, in that the RFC permitted "frequent" rather than "occasional" contact with coworkers and supervisors.

In general, "[a]n ALJ [i]s not required to adopt, wholesale, every limitation [in a medical opinion] into the RFC determination." *McIntosh v. Berryhill*, 2018 U.S. Dist. LEXIS 120183 at *66 (S.D.N.Y. 2018), *report and recommendation adopted*, 2018 U.S. Dist. LEXIS 156301 (S.D.N.Y. 2018). However, where the "Court is unable to discern [the ALJ's] reasoning as to why he omitted" those limitations, *and* where "their inclusion in [p]laintiff's RFC might have resulted in a different outcome," remand is appropriate. *McIntosh*, 2018 U.S. Dist. LEXIS 120183 at *67 (recommending matter to be remanded for further proceedings where ALJ failed to explain why limitations in opinion given "some weight" were not included in RFC finding).

Even assuming *arguendo* that the ALJ's RFC determination permitting "frequent" contact with coworkers and supervisors was inadequate to account for "moderate" limitations in social interaction, and that the ALJ thus erred in failing to explain why he declined to credit such limitations, that error was harmless. Even if the ALJ had determined that plaintiff could no more than "occasionally" interact with coworkers and supervisors, it would not have changed the outcome, since both of the positions identified by the vocational expert – table worker and addresser – are unskilled positions which do not require more than occasional interaction with supervisors or coworkers. *See e.g.*, *Lopez v. Commissioner*, 2019 U.S. Dist. LEXIS 55155 at *10 (E.D.N.Y. 2019); *Bellucco v. Colvin*, 2016 U.S. Dist. LEXIS 13044 at *35 (WD.N.Y. 2016).

4

Because the same conclusion would have been reached regardless of whether the ALJ found plaintiff's ability to interact with coworkers and supervisors to be "frequent" or "occasional," remand to address this issue would be futile.

**B.     Ms. Liedtke**

Plaintiff also argues that the ALJ erred in failing to incorporate the opinion of Ms. Sara Liedtke, plaintiff's treating mental health counselor, into his RFC finding. Specifically, Ms. Liedtke, whose opinion the ALJ gave "some to significant" weight for being "partially consistent" with unidentified evidence of record, stated that due to anxiety symptoms, plaintiff could only work for up to 35 hours per week. (Dkt. #8 at 19, 607).

The ALJ did not include such a limitation in his RFC finding, and offered no explanation as to why he implicitly rejected this portion of Ms. Liedtke's opinion. However, Ms. Liedtke's opinion specified that the expected duration of this limitation was only "3 months." (Dkt. #8 at 607). Because the limitations she opined did not meet the 12-month durational requirement for disabling limitations, any error in the ALJ's failure to include them in his RFC finding, or to offer a more detailed explanation for doing so, is harmless, and remand to revisit it would be futile.

**C.     Dr. Kyere**

While plaintiff does not challenge the ALJ's weighing of the opinion of plaintiff's treating internist, Dr. Kwaku Kyere, the Court finds that the ALJ's failure to incorporate the limitations Dr. Kyere described into plaintiff's RFC finding does require remand.

In general, the opinion of a claimant's treating physician as to the nature and severity of his impairments is entitled to "'controlling weight' so long as it 'is well-supported . . . and is not inconsistent with the other substantial evidence in the case record.'" *Gough v. Saul*, 2020 U.S.

5

App. LEXIS 949 at *2-*3 (2d Cir. 2020) (unpublished opinion) (quoting *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008)).

Dr. Kyere rendered an opinion on April 3, 2017, based on two years of treatment visits, every 2-3 months. Dr. Kyere noted plaintiff's diagnosis of Type I diabetes, and opined that plaintiff's symptoms, including fatigue and anxiety (associated with the need to monitor and adjust his blood sugar), would "frequently" interfere with his attention and concentration. He opined that plaintiff could sit or stand for more than 2 hours at a time, for a total of up to 4 hours in a workday, but needed to be able to get up and walk for up to 10 minutes after every 45 minutes of sitting or standing, and further required a job that permitted him to change positions at will. Dr. Kyere also stated that plaintiff would require 2 or 3 unscheduled breaks of 5-10 minutes each day, and can no more than occasionally lift *any* amount of weight. (Dkt. #8 at 935-39).

Acknowledging Dr. Kyere's status as a treating physician, the ALJ assigned "significant" weight to Dr. Kyere's opinion, finding it to be "consistent with the overall evidence of record, and to be more persuasive than the opinion[s] of the [physician's assistant Amy Kalio, and plaintiff's several mental health care providers]." (Dkt. #8 at 19).

Although the ALJ gave Dr. Kyere's opinion "significant weight" – indeed, Dr. Kyere's was the only opinion of record given such weight – the ALJ's RFC determination did not fully incorporate the limitations it described. In contrast to Dr. Kyere's opinion that plaintiff needed to change positions "at will," required several daily "unscheduled breaks," and could not lift any amount of weight more than "occasionally," the ALJ's RFC finding specifies sitting/standing limits which fall short of the ability to change position at will, does not include any allowance for

unscheduled breaks,[1] and permits the "frequent" lifting of items weighing less than ten pounds. (Dkt. #8 at 14-15, 937).

The ALJ provides no explanation for the discrepancies between Dr. Kyere's opinion and his RFC finding, and does not otherwise provide "good reasons" for rejecting the portions of Dr. Kyere's opinion he chose not to credit. This is reversible error. *See generally Raymer v. Colvin*, 2015 U.S. Dist. LEXIS 112218 at *21 (W.D.N.Y. 2015) (collecting cases, and noting that remand is appropriate where ALJ gives opinion "considerable" or "significant" weight, but fails to explain why portions of that opinion were not incorporated into the ALJ's RFC finding).

## CONCLUSION

For the foregoing reasons, plaintiff's motion to vacate the ALJ's decision and remand this matter (Dkt. #12) is granted, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #14) is denied. The ALJ's decision is reversed, and the matter is remanded for further proceedings consistent with this opinion.

On remand, the ALJ is directed to reevaluate the evidence of record, and to produce a new decision which appropriately incorporates the limitations described in the credited medical opinions of record (including, but not limited to, the opinion Dr. Kyere which the ALJ determined is entitled to "significant" weight), and which sufficiently reconciles and explains the rationale for

---

[1] The ALJ's unexplained failure to incorporate unscheduled breaks into his RFC finding is particularly significant, as the plaintiff's need for such breaks is well-supported by the record. His medical records repeatedly reference his Type I diabetes, his ongoing difficulties with (and anxiety about) the need for regular blood glucose testing and management, and periodic emergency room visits for uncontrolled high blood sugars. (Dkt. #8 at 374, 376, 378, 380, 382, 384, 390, 400, 406, 416, 419, 421). The report of treating physician's assistant Amy Kalio, whose opinion the ALJ gave "some" weight, explains that plaintiff requires regular breaks throughout the workday for the purpose of regular "blood glucose testing" and blood sugar management through snacks and/or insulin injections. (Dkt. #8 at 18, 579-83).

excluding any portions of credited medical opinions that are not included in the ALJ's RFC finding.

    IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       September 3, 2020.